

FILED

SEP - 5 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA
MODESTO DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 03-94183-D-7 |
| | ) | |
| FLOYD SHERWOOD HILL, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| MICHAEL McGRANAHAN, CHAPTER 7 | ) | Adversary No. 03-9223 |
| TRUSTEE, and WILLIAM ANDREWS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| FLOYD SHERWOOD HILL and JANET | ) | |
| HILL, | ) | DATE: August 30, 2006 |
| Defendants. | ) | TIME: 10:30 a.m. |
| | ) | DEPT: D |

### MEMORANDUM DECISION ON MOTION FOR AMENDED JUDGMENT

Chapter 7 trustee, Michael D. McGranahan ("Trustee"), filed a Motion for Amended Judgement (the "Motion") seeking to amend and/or supplement the Judgment After Trial entered by the court on June 22, 2006 (the "Judgment"). For the reasons stated below the court will grant the Motion in part and deny the Motion in part.

The Motion requests that the Judgment be amended or supplemented as follows:

1. Paragraph 3 of the Judgment states that Floyd Hill ("Debtor") transferred checks totaling $105,000 to Janet Hill on December 31, 2005 and that these transfers were a fraudulent conveyance under 11 U.S.C. §548(c)(1)(A) (the "Fraudulent Conveyance

Payment"). The Motion asserts that Paragraph 3 of the Judgment
contains a clerical or typographical error in that the checks were
transferred on or about December 31, 2002;

2. The Judgment should provide for interest on the Fraudulent
Conveyance Payment from December 31, 2002 through date of the
Judgment;

3. The Motion requests that the court amend the Judgment to
state that Floyd Hill has an undivided interest in the assets of the
Janet Hill Trust and that the undivided interest should be quantified
at 50%; and

4. The Judgment should allow an award of costs in favor of the
Trustee as the prevailing party.[1]

In regard to the Trustee's first request, the record is clear,
and the opposition does not contest the Fraudulent Conveyance Payment
was made on or about December 31, 2002. Accordingly, the Judgment
will be amended to correct this typographical error.

In regard to allowing interest on the Fraudulent Conveyance
Payment, the Motion cites no authority to support this request. At
the hearing counsel for the Trustee stated that it is within the
discretion of the court to award interest on the Fraudulent
Conveyance Payment but, again, provided no authority for this
position. It is incumbent upon the party seeking relief to cite
proper legal authority for their position. The Trustee, having
failed to cite any authority for his request for interest, and

---

[1] At the hearing for the first time counsel for Trustee requested the court award attorneys fees in addition to costs. The Motion did not request attorneys fees, nor were fees prayed for in the Motion. As such, at the hearing the court would not consider this request for relief.

1  conceding that it is within the discretion of the court, the court

2  declines to award interest on the Fraudulent Conveyance Payment.

3      In regard to the Trustee's request that the court find the

4  Debtor has an undivided interest (50% interest) in the assets of the

5  Janet Hill Trust, the request is denied.  The Janet Hill Trust was

6  not named as a defendant in the underlying complaint.  Accordingly,

7  the court has no jurisdiction over the Janet Hill Trust or over the

8  assets of the Janet Hill Trust. It is fundamental due process that

9  for the court to issue a judgment allocating property between, or

10  among, parties the court must have jurisdiction over the entity

11  owning the property and the property itself.  The court does not have

12  jurisdiction over the Janet Hill Trust or its assets.  Accordingly,

13  this aspect of the Motion is denied.

14      Lastly, the Trustee seeks costs as the prevailing party.  The

15  court does find that the Trustee is the prevailing party in the

16  attendant action and will award costs.

17      An amended Judgment will be entered consistent with this

18  memorandum decision.

19

20  Dated:    SEP - 5 2006          *Robert Bardwil*

21                                 Robert S. Bardwil
                               United States Bankruptcy Judge

22

23

24

25

26

27

28

## <u>Certificate of Service</u>

I certify that on ___9/5/06___ a copy of the **foregoing**
**document** was mailed to the following:

Gary Huss
P.O. Box 16339
Fresno, CA 93755

Dan Nelson
P.O. Box 1770
Stockton, CA 95201

Charles Hastings
4568 Feather River Dr., #A
Stockton, CA 95219

```
FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT




By:  _____
          Deputy Clerk
```

- 4 -